# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02463-WDM-BNB

ZUKE's LLC,

    Plaintiff,

v.

BLUE BUFFALO COMPANY, LTD.,

    Defendant and Counterclaimant/
    Third-Party Plaintiff and Cross-Claim Defendant,

v.

ZUKE'S LLC,

    Counterclaim Defendant,

and

ARTHUR DOGSWELL, LLC,

    Third-Party Defendant and Cross-Claim Plaintiff.

---

## ~~STIPULATED MOTION FOR~~ PROTECTIVE ORDER

---

~~Third-Party Plaintiff and Cross-Claim Defendant, Blue Buffalo Company, Ltd. ("Blue Buffalo"), and~~ Third-Party Defendant and Cross-Claim Plaintiff, Arthur Dogswell, L.L.C., and their counsel of record, stipulate and move the Court ~~for a~~ Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined) and, as grounds therefor, state as follows:

1. ~~In this action, at least one of the parties has sought and/or is seeking~~ *Confidential Information* or *Confidential Attorneys' Eyes Only Information* (as defined in ¶ 6 below). The parties also anticipate seeking additional *Confidential* and *Confidential Attorneys' Eyes Only Information* during discovery and that there will be questioning concerning *Confidential* and *Confidential Attorneys' Eyes Only Information* in the course of depositions. The parties assert that the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the parties' business or privacy interests. The parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of *Confidential Information* and *Confidential ~~Attorneys' Eyes Only Information except as set forth herein~~*.

2. Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, **IT IS ORDERED**:

3. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced by any party to the action or any third party who: (1) answers interrogatories; (2) provides responses to requests for admission; (3) provides deposition testimony; (4) produces documents, materials and information in response to a subpoena[1]; as well as, (5) other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

---

[1] ~~To the extent that Blue Buffalo or Merrick Pet Care, Inc. produces documents~~ governed by the Agreed Protective Order in *Merrick Pet Care, Inc. v. Blue Buffalo Company, Ltd.*, Case No. 10-cv-00115 (N.D. Tex. 2010) [Dkt 16 in that action; *see* Ex. A hereto], the parties agree to maintain the confidentiality designations thereto, subject to the terms of this ~~Stipulation and Protective Order~~.

4. As used in this Protective Order, "Document" is defined as provided in accordance with Rule 34 of the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

5. *"Confidential Information"* shall mean non-public documents or materials that comprise or contain information constituting or relating to trade secrets or to confidential and proprietary information the disclosure of which would implicate common law or statutory privacy interests or result in competitive or other business injury to the disclosing party, ~~such as, without limitation, confidential business information, financial information, business relationship information, and personnel information~~. *Confidential Information* shall not, without the consent of the party producing it or further Order of the Court, be disclosed to anyone other than litigation counsel, except in the manner as set forth in ¶ 9 below.

6. *"Confidential Attorneys' Eyes Only Information"* shall mean *Confidential Information* that, if disclosed to the opposing party, would be injurious to the disclosing party's commercial and business interests in light of the fact that the parties are competitors in the same industry, namely pet food and pet treats. *Confidential Attorneys' Eyes Only Information* shall not, without the consent of the party producing it or further Order of the Court, be disclosed to anyone other than litigation counsel, except in the manner as set forth in ¶ 10 below.

7. *Confidential Information* and *Confidential Attorneys' Eyes Only Information* shall not be disclosed or used for any purpose except the preparation and trial of this case. Counsel for the parties may designate information as *"Confidential Information"* or *"Confidential Attorneys' Eyes Only Information"* only after a review of the information and based on a good faith belief that it is confidential or otherwise entitled to protection.

3

8. Where *Confidential Information* or *Confidential Attorneys' Eyes Only Information* is produced, provided, or otherwise disclosed by a party, it shall be designated in the following manner:

   a. By imprinting the words *"Confidential Information"* or *"Confidential Attorneys' Eyes Only Information,"* as applicable, on the first page or cover of any document produced;

   b. By imprinting the words *"Confidential Information"* or *"Confidential Attorneys' Eyes Only Information,"* as applicable, next to or above any response to a discovery request; and

   c. With respect to transcribed testimony, by giving notice of such designation during the testimony whenever possible, but a party may designate portions of depositions as *"Confidential Information"* or *"Confidential Attorneys' Eyes Only Information,"* as applicable, after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. Information designated as *Confidential Information* shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

   a. attorneys actively working on this case;

   b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

4

c. the parties' designated representatives, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

e. the Court and its employees;

f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

g. authors or drafters, addressees, and those who received the documents or information prior to the commencement of this action, or during this action if obtained independently and not in violation of this Protective Order; and

h. other persons by written agreement of the parties.

10. Information designated as *Confidential Attorneys' Eyes Only Information* shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

a. attorneys actively working on this case;

b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

c. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case and provided that such expert is not an employee of, or affiliated with, a competitor of the disclosing party (for purposes of this provision, a competitor shall be defined as an entity

5

that would be in a position to exploit commercially the documents or information marked as *Confidential Attorneys' Eyes Only Information*);

    d.    the Court and its employees;

    e.    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    f.    authors or drafters, addressees, and those who received the documents or information prior to the commencement of this action, or during this action if obtained independently and not in violation of this Protective Order; and,

    g.    other persons by written agreement of the parties.

    h.    To be clear, no persons employed by either party, including but not limited to in-house counsel, shall have access to any documents or information designated as *Confidential Attorneys' Eyes Only Information.*

11.    Prior to disclosing any *Confidential Information* or *Confidential Attorneys' Eyes Only Information* to any person listed above with respect to categories contained in ¶ 9(c) and (d), and ¶ 10 (c), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written declaration in the form attached hereto as **Ex. B** stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such declarations shall be retained by counsel and shall be subject to in camera review by the Court upon a showing of good cause.

12.    A party may object to the designation of particular *Confidential Information* or *Confidential Attorneys' Eyes Only Information* by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after

the time the notice is received, it shall be the obligation of the party designating the information as *Confidential Information* or *Confidential Attorneys' Eyes Only Information* to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as *Confidential Information* or *Confidential Attorneys' Eyes Only Information*, as applicable, under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as *Confidential Information* or *Confidential Attorneys' Eyes Only Information* and shall not thereafter be treated as *Confidential Information* or *Confidential Attorneys' Eyes Only Information* in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as *Confidential Information* or *Confidential Attorneys' Eyes Only Information* shall bear the burden of establishing that good cause exists for the disputed information to be treated as *Confidential Information* or *Confidential Attorneys' Eyes Only Information*.

13. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as *Confidential Information* or *Confidential Attorneys' Eyes Only Information* shall be returned to the party that designated it *Confidential Information* or *Confidential Attorneys' Eyes Only Information*, or the parties may elect to destroy Confidential and Highly Confidential documents. Where the parties agree to destroy Confidential and Highly Confidential documents, the destroying party shall provide all parties with a declaration confirming the destruction.

14. By agreeing to the entry of this Protective Order, the parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

7

15. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 22d day of June 2011.

BY THE COURT:

_____
UNITED STATES DISTRICT COURT
**BOYD N. BOLAND**
**United States Magistrate Judge**

STIPULATED AND AGREED TO this ____ day of _____ 2011.

| | |
|---|---|
| Edmund J. Ferdinand, III | Thomas J. Speiss, III |
| Jeffers Cowherd, P.C. | LEWIS BRISBOIS BISGAARD & SMITH LLP |
| 55 Walls Drive | 221 N. Figueroa Street, Suite 1200 |
| Fairfield, CT 06824 | Los Angeles, CA 90012 |
| Telephone: 203-259-7900 | T: 213-599-7815 |
| Fax: 203-259-1070 | F: 213-250-7900 |
| E-Mail: JFerdinand@jeffers-law.com | E: tspeiss@lbbslaw.com |
| | |
| Matthew Y. Biscan | Holli L. Hartman, Esq. |
| Clisham, Satriana & Biscan, L.L.C. | Baker & Hostetler LLP |
| 1512 Larimer Street, Suite 400 | 303 East 17th Avenue, Suite 1100 |
| Denver, Colorado 80202 | Denver, Colorado 80203-1264 |
| Telephone: 303-468-5403 | T: 303-764-4046 |
| Fax Number: 303-942-7360 | F: 303-861-7805 |
| E-mail: biscanm@csbattorneys.com | E: hhartman@bakerlaw.com |
| | |
| ATTORNEYS FOR THIRD-PARTY PLAINTIFF AND CROSS-CLAIM DEFENDANT BLUE BUFFALO COMPANY, LTD. | ATTORNEYS FOR THIRD-PARTY DEFENDANT AND CROSS-CLAIM PLAINTIFF ARTHUR DOGSWELL, L.L.C. |

## EXHIBIT B

## DECLARATION

_____, swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in _____, a copy of which is attached to this Declaration.

2. I promise that I have not and will not divulge, or undertake to divulge, to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than for the civil action referenced above.

3. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the Court in the civil action referenced above.

4. I will abide by the terms of the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on (date): _____

_____
(Signature)

_____
(Print or Type Name)

Address:

_____

_____

Telephone No.: (\_\_\_\_) _____

4824-1291-1625.1